SHELBURN COAL MINING COMPANY *v.* DELASHMUTT.

[No. 2,670.   Filed November 30, 1898.]

WORK AND LABOR.—*Labor Performed for and Allowed by Receiver.—
Lien.—Res Adjudicata.*—An action was instituted involving and
affecting certain mortgaged property, and a receiver was appointed
therefor.   The mortgagee filed a cross-complaint to the action and
obtained the ownership of the property, and afterwards filed excep-
tions to that part of the receiver's report allowing a certain claim
for labor performed for such receiver.   Issues were joined on the
exceptions resulting in a judgment for the amount of the claim, and
making the same a lien on the property.   *Held,* in a subsequent
action to enforce payment of the claim for labor, that the rights of
the parties were adjudicated in the proceedings had upon the excep-
tions to the receiver's report.

From the Sullivan Circuit Court.   *Affirmed.*

*John T. Hays,* for appellant.

*G. W. Buff* and *W. R. Nesbit,* for appellee.

HENLEY, J.—This cause presents but one question

for our decision, viz: Is the complaint sufficient to withstand a demurrer for want of facts? The allegations of the complaint are substantially as follows: That appellant is a corporation engaged in the operation of a coal mine at Shelburn, in Sullivan county, Indiana, which coal mine is particularly described as to location, and a particular description is given of all the real estate. It is further averred that on the 14th day of June, 1893, the Shelburn Coal Company executed a mortgage upon said described property to one C. C. Heisen, which mortgage was duly recorded in the recorder's office of Sullivan county, Indiana, on the 22nd day of June, 1893, in mortgage record 27, on page 524, and on the 14th day of June, 1893, the said Shelburn Coal Company executed to said Heisen a chattel mortgage upon the personal property connected with and used about said described mine, which chattel mortgage was recorded on the 22nd day of July in the recorder's office of said county and State in mortgage record 28, on page 52; that after the execution of said mortgage as aforesaid an action was commenced in the circuit court of Sullivan county by one Mary McClure against one Richards *et al.*, involving and affecting said mine so described, and such proceedings were had in said action as that one Frank Binz was by the court appointed receiver for the said Shelburn Coal Company, and the said Heisen filed a cross-complaint in said action, and foreclosed his mortgage, and obtained thereunder the ownership of all the real estate, and the personal property was turned over to the said Heisen under the conditions of the chattel mortgage; that said Heisen became the owner of all of said property mortgaged to him by the Shelburn Coal Company subject to all valid claims and liens for labor done under the said Binz as receiver; that in April, 1895, the said receiver

filed his report of his said trust in the Sullivan Circuit Court, in which report the said receiver reported appellee's claim as a valid claim for work and labor done in and about said mine under said receiver in the sum of $130. On the 6th day of April, 1895, the said Heisen filed exceptions to the report of the receiver, claiming in said exceptions that the receiver was not legally acting, and that all debts and contracts made by him were unauthorized, and that all claims for labor done in and about said mines under the authority of said receiver were not a charge or lien against the property; that appellee's claim was one of the claims so objected to by said Heisen; that issues were joined upon said exceptions, a trial had in said court and a finding and judgment to the effect that the claims for work and labor as reported by said receiver were correct in amount, and were a lien upon said property. A copy of the finding and judgment is made a part of the complaint. It is further alleged that said judgment is in full force and effect and remains unreversed and unsatisfied; that appellee did perform labor in and about said mine as aforesaid at the special instance and request of the said receiver and while the said Binz was such receiver; a bill of particulars of which work is filed with and made a part of the complaint; that there is due appellee the sum of $135 with six per cent. interest for two years; that said Heisen and others have formed a corporation known as the Shelburn Coal Mining Company, which last named corporation is now in the possession and control and is operating and claiming the ownership of the said mine and mining property herein described. Judgment is asked for $170, that the same be declared a lien upon the property described in the complaint, that said lien be foreclosed and the property ordered sold to pay

appellee's claim. Appellant's demurrer to the complaint was overruled.

As before stated, this ruling of the lower court is the only question presented by the record in this cause. The necessary inference from the complaint is that the Shelburn Coal Company owned the mining property therein described at the time of the execution of the mortgages to Heisen; that in a certain action begun in the Sullivan Circuit Court a receiver of said property was appointed; that by and through proceedings instituted in said action the said Heisen obtained a title to all of said mortgaged property, which property was subject to the lien of appellee's claim as established by the court in its judgment rendered on the exceptions to the receiver's report. Heisen was a party to both actions, he was the cross-complainant in the action in which the receiver was appointed, and excepted to the report of the receiver. It was upon the trial of the exceptions to the receiver's report that appellee's claim was declared valid, the amount fixed, and it was held to be a lien upon the property purchased by Heisen. Whatever title appellant has in the property was acquired from Heisen. Appellant cannot now question the legality of appellee's claim. The interested parties were all before the court in the action wherein the appellee's rights were adjudicated. We think the complaint states abundant facts, which when uncontroverted, justified the court in rendering judgment for appellee. The demurrer was properly overruled. Judgment affirmed.